IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:16-CR-449-L-1 |
| | § | |
| RAFAEL GUZMAN, | § | |
| #54819-177, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Pro Se Motion for Compassionate Release Under 18 U.S.C.

§ 3582(c)(1)(A) Due to Extraordinary and Compelling Reasons and the COVID-19 Virus

Pandemic (Doc. 65), filed June 2, 2020.  As detailed here, the motion is **denied**.

I.

In 2017, Defendant pled guilty to possession with intent to distribute a controlled substance

and was sentenced to 121 months' imprisonment.  Crim. Doc. 46.  He now seeks release from

confinement because he is "immunocompromised, obese and extremely vulnerable to COVID-

19."  Crim. Doc. 65 at 1.  Defendant states that he suffers from Rheumatoid arthritis and takes

corticosteroids, which he contends render him more susceptible to the COVID-19.

According to the BOP's website, Defendant is 37 years old, has a projected release date of

May 5, 2025, and is presently confined at FCI Seagoville in the minimum security satellite camp.

As of June 9, 2020, the BOP's website reported no COVID-19 positive cases among FCI

Memorandum Opinion and Order – Page 1

Seagoville's inmates but noted that one staff member had tested positive.[1] Upon review, the court concludes that Defendant is not eligible for a sentence modification.

II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c); however, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Defendant offers no proof that he exhausted his administrative remedies. Indeed, he does not allege that he attempted to exhaust his administrative remedies by requesting compassionate relief from the BOP. *See* Section 571.61 of BOP Program Statement No. 5050.50. That notwithstanding, Section 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Miller,* No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020).

---

[1] The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed on June 9, 2020).

Moreover, Defendant does not provide specific factual information unique to his own circumstances or preexisting medical condition sufficient to excuse his failure to exhaust administrative remedies even considering the exceptional circumstances of the COVID-19 pandemic.  *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the] BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)).  Thus, the court concludes that Defendant has failed to exhaust his administrative remedies.

Even discounting Defendant's failure to exhaust, the court finds that Defendant has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy Statement to warrant a reduction of his sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered "extraordinary and compelling reasons."  Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*Muniz*, 2020 WL 1540325, at *1 (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).[2]

The court does not downplay Defendant's Rheumatoid arthritis or discount that being confined in a prison makes it more difficult for him or any prisoner to follow official precautions for social distancing and handwashing while in custody.  Defendant has failed, however, to provide sufficient grounds for compassionate release.  First, he fails to establish that his condition is

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

sufficiently severe and that it diminishes his ability to provide self-care, especially considering his relatively young age (37). Even considering the July 2019 Rheumatology Clinic report, Defendant does not present any other evidence or medical records documenting his current symptoms and own unique circumstances sufficient to establish exceptional and compelling circumstances. Doc. 65 at 6-11. At best, he has offered only conclusory assertions about his Rheumatoid arthritis and immunocompromised condition. *See Delgado v. United States*, 3:17-CR-242-B, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (denying compassionate release in part due to failure to provide recent medical records "to establish how immunocompromised he may now be, which would have allowed the Court to assess his current ability to provide self-care").

Moreover, the court still needs to assess the magnitude of Defendant's unique circumstances and chronic medical conditions. As noted in *Delgado*, 2020 WL 2542624, at *3, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners−for example, all those who have [rheumatoid arthritis and are immunocompromised]−warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." General concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially considering Defendant's relative youth and that there is only one positive case among staff at FCI Seagoville and no positive cases among inmates.

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the court is not persuaded that the Section 3553(a) factors would support Defendant's request for compassionate release. *See United States v. Chambliss*, 948 F.3d at 692-93. ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The court weighs those factors as it did at sentencing. Defendant is

currently incarcerated for possession with intent to distribute a controlled substance. At sentencing, Defendant was in Criminal History Category III because of his prior criminal activity, the advisory guidelines range was 121-151 months, and the court imposed a sentence at the bottom of the guidelines range at 121 months. Based on the record as a whole, the court cannot now conclude that the Section 3553(a) factors would support the relief that Defendant seeks.

III.

For the foregoing reasons, Defendant's Motion for Compassionate Release is **denied**.

**It is so ordered** this 11th day of June, 2020.

Sam A. Lindsay
United States District Judge